■ In the Matter of the Claim of YAKOV AGRANOVICH, Appellant. COMMISSIONER OF LABOR, Respondent. [898 NYS2d 723]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 2, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a customer service representative for a cable services company. During a meeting with the employer's representatives in which claimant's job performance was critiqued, claimant became upset. He called in sick during the next few days and thereafter took a one-month approved medical leave of absence. When he returned to work, he resigned from his position. The Unemployment Insurance Appeal Board disqualified him from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause. Claimant appeals.

At the hearing, claimant testified that he left his job because he felt that he was being forced out by his supervisor and suffered from emotional problems due to the criticism of his work performance. It is well settled that neither dissatisfaction with one's job (*see Matter of Tripp [Commissioner of Labor]*, 69 AD3d 1292, 1293 [2010]) nor criticism of one's work performance (*see Matter of Woodcheke [Commissioner of Labor]*, 53 AD3d 1011, 1011-1012 [2008]) constitutes good cause for leaving one's employment. Although claimant attributed his decision to leave his job to health problems, he was not advised by his physician to resign for this reason and failed to demonstrate that his resignation was medically necessary (*see Matter of Grushko [Lonero*

*Tr.—Commissioner of Labor]*, 6 AD3d 858, 859 [2004]). In view of the foregoing, substantial evidence supports the Board's finding that claimant left his job for personal and noncompelling reasons.

Mercure, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.